622 S.E.2d 545

**In the Matter of Damon Eugene COOK, Respondent.**

**No. 26067.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Nov. 21, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Andrew J. Savage, III, of Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two years. We accept the agreement and impose a one year definite suspension from the practice of law. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was employed as an Assistant Solicitor for the Ninth Circuit Solicitor's Office and assigned as a prosecutor for the Charleston "Metro Narcotics Unit." On May 18, 2004, respondent was indicted by the State Grand Jury for the offense of distribution of cocaine by conspiracy in violation of South Carolina Code Ann. § 44-53-370(b)(2002). On February 18, 2005, he pled guilty and was sentenced to five years imprisonment and fined $12,500.00, suspended upon payment of $2,000.00 and three years probation with certain conditions.[1]

ODC is informed respondent cooperated with the South Carolina Law Enforcement Division and the State Grand Jury. To the best of its knowledge, ODC states respondent has cooperated with its investigation.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty,

---

1. As indicated during the plea proceeding, sometime around January 2003, respondent began purchasing or receiving cocaine from attorney Todd Anthony Strich and others in increments ranging from one-quarter gram to three or four grams at a time. Respondent used most of the cocaine himself, but would occasionally provide it to Strich, attorney Tara Anderson Thompson, and others. Respondent represented that, on several occasions, he and others pooled their money to purchase cocaine; he stated he did not profit from the transactions. Respondent estimated that, during the period from approximately January 2003 until April 2004, he received approximately twenty to thirty grams of cocaine from his sources.

trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).[2] Respondent further admits that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for a lawyer to be convicted of a serious crime or crime of moral turpitude); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one year. Respondent's request that the suspension be applied retroactively to the date of his interim suspension is denied.[3] Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

**3.** On May 24, 2004, respondent was placed on interim suspension. *In the Matter of Cook*, 359 S.C. 81, 597 S.E.2d 141 (2004).